Jose RIVERA, Petitioner,

v.

Harold J. SMITH, Warden, Attica Correctional Facility, Respondent.

No. 81 Civ. 7558(MEL).

United States District Court, S. D. New York.

May 18, 1982.

Jose Rivera, pro se.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent; Mark Dwyer, William J. Comiskey, Asst. Dist. Attys., New York City, of counsel.

LASKER, District Judge.

Jose Rivera was convicted of Murder in the Second Degree in Supreme Court, New York County, in February, 1979. His conviction was affirmed without opinion by the Appellate Division, First Department, 82 A.D.2d 1019, 440 N.Y.S.2d 802 (1st Dept. 1981), and leave to appeal to the New York Court of Appeals was denied on October 5, 1981. He petitions for a writ of habeas corpus, alleging that the trial court's instructions on reasonable doubt, self defense, and intent deprived him of his due process right to a fair trial and that the state did not prove its case against him beyond a reasonable doubt.

The state answers that: Rivera forfeited his right to object to the jury instructions by failing to object at trial; the jury instructions were proper; and the state proved the case against him beyond a reasonable doubt.

Rivera concedes that he failed to make a contemporaneous objection to the jury instructions, but argues that, in its brief to the Appellate Division, the state responded on the merits to his jury charge objection, and that the state is therefore precluded from raising a procedural objection here. (Rivera's memorandum at 12).

The Supreme Court has recently reaffirmed its strong adherence to the forfeiture rule of *Wainwright v. Sykes*, 433 U.S.

72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Engle v. Isaac*, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783, the Supreme Court decided a case in which a habeas petitioner had failed to make a contemporaneous objection to the jury charges that were the subject of his habeas petition, concluding:

> "Any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief."

*Engle v. Isaac*, 102 S.Ct. at 1572.

■ Rivera does not allege either cause for his failure to raise the objection at trial, or prejudice resulting from his failure to do so. His contention that the state waived its right to rely on the contemporaneous objection rule by arguing the merits on appeal is without support. The state did argue to the Appellate Division that Rivera had forfeited his right to object to the jury instruction on account of his failure to make a contemporaneous objection. The state is entitled to "cover all the bases" by addressing the merits of an objection without waiving its right to rely on a procedural objection. The *Wainwright* rule has not in any case known to the court been construed to require the state to make a choice between arguing substance or procedure on direct appeal.

■ However, there is an even greater obstacle which petitioner has failed to overcome: that the jury instructions objected to were proper. On reasonable doubt, the court charged:

> "A reasonable doubt is a doubt which you conscientiously have after the use of your powers of reasoning which arises out of the credible evidence or the lack of credible evidence. It is a doubt for which you can give a reason.
>
> The standard of reason must prevail, and when you are convinced that you have no doubt in reason of a defendant's guilt then that's sufficient and you must render a verdict accordingly.
>
> On the other hand, if your minds are wavering or the scales are even, or if you have such a reasonable doubt arising out of the credible evidence or lack of it as to any element of the particular crime submitted to you, the benefit of that doubt must be given to the defendant and your verdict must be not guilty."

(Transcript at 576). Rivera argues that the jury might have misunderstood the "scales are even" portion of the instruction, and have concluded that the jury should apply a "preponderance" rather than a "reasonable doubt" standard. An instruction incapable of such a misconstruction would no doubt have been preferable on this important point. However, the instruction consisted only of a phrase in one paragraph of a three-paragraph instruction on reasonable doubt, the remainder of which was proper (as Rivera conceded in his direct appeal, Brief to the Appellate Division at 15). In addition, although the sentence objected to may have been unwise, it is a correct statement of the law. In sum, the instruction did not deprive Rivera of due process or a fair trial.

■ Rivera next objects to the court's instruction on self-defense, which contained the ordinary proviso that a defendant may not rely upon self-defense if he provoked the incident which required him to use lethal force in self-defense. Rivera contends that the jury heard evidence that, a week prior to the fight in which the victim was killed, he had threatened to injure the victim and that the jury might improperly have concluded that a week-old threat was sufficient provocation to vitiate a claim of self-defense.

It is sheer speculation to suggest that the jury might have drawn a connection between the charge on provocation and the testimony regarding the threat. No such suggestion was made by the state on summation; in fact, the threat was only referred to once in a forty-six page summation, and then only briefly. (Transcript at 513). Moreover, even if the jury had considered a week-old threat to be adequate provocation, its action would not rise to constitutional significance. The claim now made of an erroneous instruction is a good example of the importance of the contem-

poraneous objection rule and illuminates its rationale: the trial judge could not have been expected to imagine that the defendant would object to what appears to be a standard charge on the ground that when the charge was considered in conjunction with certain evidence, the jury might have misunderstood the law.

 Third, Rivera objects to the instruction on intent, which reads: "Intent ... exists when an individual has as his conscious objective to cause the very act with which he is charged." (Transcript at 605). Rivera contends that the jury might have concluded from this charge that "since relator did stab Torres [the victim] he was guilty of murder." (Rivera's Memorandum of Law at 11). However, the court explicitly instructed the jury that they could not find Rivera guilty unless they found that he had intent to cause the victim's death (Transcript at 605) ("murder requires an intent to cause the death of the deceased") and accordingly the charge was proper.

Rivera's final objection to the jury charge is based on the fact that when the jury asked to be reinstructed on certain matters, the trial judge repeated his earlier charge verbatim. The jury did this on three occasions. First, they requested "to be instructed *again* by the judge on the exact meaning of murder in the second degree" (Transcript at 605) (emphasis added); second, they asked, "What is the legal definition of intent?" (Transcript at 618); and third, whether " 'excessive emotional distrees' means extreme emotional disturbance" (Transcript at 621). None of the jury's questions indicates that the original charge given had created confusion. Accordingly, it was entirely reasonable for the judge to have inferred that the jury had had trouble remembering a portion of his lengthy charge and simply to repeat the portion of the charge the jury was interested in. Moreover, "[r]einstructing the jury by rereading the original instructions [is] a proper course of action, well within the discretion of the trial court." *United States v. Lang*, 644 F.2d 1232, 1239 (7th Cir. 1981), *cert. denied*, 454 U.S. 870, 102 S.Ct. 338, 70 L.Ed.2d 174.

Rivera's final contention, that the state failed to prove its case against him beyond a reasonable doubt, is rejected. Witnesses for the state testified that Rivera initiated the fight, drew a knife on the victim, and finally shot the victim three times as he lay on the sidewalk bleeding from the stab wounds. Rivera's contentions with respect to inconsistencies in the testimony and the credibility of the witnesses were brought before the jury in his summation, and were rejected. In evaluating the case "in the light most favorable to the prosecution," as required by *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979), it is clearly sufficient to support the conviction.

Accordingly, the petition is dismissed.

A certificate of probable cause is denied.

It is so ordered.