COMMONWEALTH *vs.* LEON BEVERLY
(and a companion case[1]).

Suffolk.   March 7, 1983. — August 12, 1983.

Present: HENNESSEY, C.J., WILKINS, NOLAN, & O'CONNOR, JJ.

*Controlled Substances.   Practice, Criminal,* Variance, Assistance of coun-
sel, Instructions to jury.   *Due Process of Law,* Vagueness of statute.

Proof indicating that two defendants possessed more than 200 grams of
a mixture of powder, in which about nine grams of heroin was pres-
ent, was sufficient for their conviction on indictments framed under
G. L. c. 94C, § 32E (*c*), charging them with possession of "in excess of
two hundred grams of heroin."   [868-869]
The use of the word "mixture" in G. L. c. 94C, § 32E (*c*), did not render
the statute unconstitutionally ambiguous as applied to criminal de-
fendants convicted of possessing more than 200 grams of a mixture of
powder containing both heroin and an inert substance.   [869]
Criminal sanctions for trafficking in a controlled substance based on the
volume of material being sold, rather than on the concentration of
controlled substance the material contains, did not violate either due
process or equal protection principles.   [869]
The circumstance that defense counsel, during a criminal trial, com-
menced proceedings to attach the defendant's cash bail, which was be-
ing held in a different court from that in which the trial was con-
ducted, provided no support to the defendant's claim of ineffectiveness
of counsel.   [870]
Evidence at a criminal trial was sufficient to warrant the jury in finding
that a wife possessed, with an intent to distribute, a quantity of heroin
which her husband threw out a window.   [870]
Any deficiencies in a judge's instructions to the jury at a criminal trial,
as to the concept of reasonable doubt, were overcome by other
language in the charge and, when considered in context, could not
have misled the jury.   [870-873]

INDICTMENTS found and returned in the Superior Court
Department on October 7, 1980.

---

[1] Commonwealth *vs.* Savannah Beverly.

The cases were tried before *Alberti,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Judd J. Carhart* for Leon Beverly.

*Patricia A. O'Neill* for Savannah Beverly.

*Michael J. Traft,* Assistant District Attorney (*Francis J. Finnell* with him) for the Commonwealth.

WILKINS, J.  The defendants, husband and wife, appeal from their convictions on indictments charging them with unlawfully and knowingly possessing "with intent to distribute in excess of two hundred grams of heroin, a Class A controlled substance under [G. L. c. 94C, § 31]." Their convictions for trafficking in heroin were based on violations of G. L. c. 94C, § 32E (c), as appearing in St. 1980, c. 436, § 4.[2]  Each defendant received the sentence of fifteen years to State prison stated in par. 3 of § 32E (c).  We granted a motion for direct appellate review and now affirm the convictions.  However, because this court in *Commonwealth* v. *Marrone,* 387 Mass. 702 (1982), held that par. 3 of § 32E (c), was invalid, the defendants must be resentenced pursuant to the general provisions of G. L. c. 94C, § 32E (c).[3]

On September 25, 1980, Boston police officers and a special agent of the Drug Enforcement Administration of the United States Department of Justice conducted a search

---

[2] The relevant portion of G. L. c. 94C, § 32E (c), as appearing in St. 1980, c. 436, § 4, reads as follows:

"Any person who knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute, dispense or brings into this state in excess of 28 grams of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, or 28 grams or more of any mixture containing any such substance, shall be guilty of trafficking in heroin and shall be imprisoned for not less than five years and not more than fifteen years in the state prison.  If the quantity is: . . . 3. 200 grams or more, such person shall be imprisoned for a mandatory term of fifteen years in the state prison.  A fine of not less than $50,000 and not more than $500,000 may also be imposed, but not in lieu of the mandatory term of imprisonment, as so authorized."

[3] By St. 1982, c. 650, § 11, G. L. c. 94C, § 32E (c), as appearing in St. 1980, c. 436, § 4, was rewritten.

of the defendants' apartment on American Legion Highway in Dorchester pursuant to a search warrant. They announced their presence and made a forced entry of the apartment. They found Savannah Beverly putting a glassine bag containing a white powder into her mouth. They removed the bag forcibly. Officers at the rear of the apartment building saw Leon Beverly throw a paint can out of a window, shortly after other officers announced their presence. A bundle of glassine bags containing white powder was in the can. They found two similar glassine bags in Leon Beverly's right rear pocket. They also found money in a shoe box and various items (utility bills, a birth certificate, and credit cards) tending to connect Savannah Beverly with the apartment.

There were a total of 191 glassine bags found, one taken from Savannah Beverly, two from Leon Beverly, and 188 from the paint can. The bags found on the defendants contained heroin. The 188 bags, with their contents, weighed approximately 483 grams, and the powder alone weighed approximately 292 grams. There was evidence that the powder was 3% heroin and 97% an inert substance. There were, therefore, approximately nine grams of heroin within the mixture. There was also evidence that heroin is never sold in a 100% pure form but rather is sold in a mixture having a relatively small proportion of heroin.

1. There was no fatal variance between the indictment and the proof. The indictment referred to the possession of "in excess of two hundred grams of heroin." The proof indicated the presence of more than 200 grams of a mixture containing heroin but only nine grams of heroin. We may reasonably infer that the Legislature knew that heroin does not exist in a pure form, at least in the illicit drug trade. *People* v. *Solorzano*, 84 Cal. App. 3d 413, 416 (1978). Because the word "heroin" does not refer to pure heroin, the statute does not require proof that the item possessed was pure heroin. See *Commonwealth* v. *White*, 10 Met. 14, 15-16 (1845). The statutory reference to a mixture containing specific, controlled substances was included to make clear that the weight of the mixture, and not just the weight

of the controlled substance within that mixture, should be considered in determining the violation and the associated penalty. The defendants were not charged with possession of pure heroin and had no reasonable basis for believing that they were so charged. Of course, it would have been preferable if the indictments had referred to a mixture containing heroin. But, even if there had been a variance, the essential elements of the crime were correctly stated and the defendants have not shown that they were prejudiced in their defense. See *Commonwealth* v. *Grasso,* 375 Mass. 138, 139-140 (1978); *State* v. *Tyndall,* 55 N.C. App. 57, 62 (1981).

2. The judge correctly charged the jury that they could convict the defendants of the possession of more than 200 grams of heroin, if there was a mixture weighing more than 200 grams, containing some heroin. At least as applied to these defendants, we see no unconstitutional ambiguity in the word "mixture" in the statute. See *Opinions of the Justices,* 378 Mass. 822, 826-827 (1979).

3. The defendants challenge the statute on due process and equal protection grounds arguing that possession of a mixture containing small amounts of a controlled substance may result in a greater penalty than possession of a mixture of lighter weight with a higher concentration (and thus a greater amount) of the same controlled substance. The volume of the material being sold provides a rational basis for dealing with trafficking in drugs. See *State* v. *Yu,* 400 So. 2d 762, 764-765 (Fla. 1981), appeal dismissed sub nom. *Wall* v. *Florida,* 454 U.S. 1134 (1982); *People* v. *Yettke,* 95 Ill. App. 3d 365, 368-369 (1981), cert. denied, 455 U.S. 1000 (1982); *People* v. *Gorgon,* 121 Mich. App. 203, 206-207 (1982); *State* v. *Tyndall, supra* at 60-61. Cf. *People* v. *Solorzano,* 84 Cal. App. 3d 413, 416-417 (1978) (sanctions based on possession for sale of one-half ounce of heroin or "of a substance containing heroin" upheld).[4]

---

[4] If the defendants were successful on any one or even all of the issues discussed to this point in this opinion, it seems that they would be subject to sentencing for the lesser included crime of possession of heroin with the intent to distribute. G. L. c. 94C, § 32 (a).

4. Leon Beverly argues that he was denied the effective assistance of counsel. At the time of trial, his counsel had been suspended from the practice of law, but a stay of the judgment of suspension was in effect. During the trial, following revocation of Leon Beverly's bail, his counsel stated that he had begun proceedings to attach the cash bail held in the Boston Municipal Court. We see no conflict of interest nor anything else in defense counsel's conduct of the litigation that supports the claim of ineffectiveness of counsel and resulting significant prejudice to Leon Beverly. See *Commonwealth* v. *Rondeau,* 378 Mass. 408, 412 (1979); *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

5. There was sufficient evidence to warrant the jury's finding beyond a reasonable doubt that Savannah Beverly possessed, with an intent to distribute, the heroin her husband threw out the window. Possession need not be exclusive. It may be joint and constructive, and it may be proved by circumstantial evidence. See *Commonwealth* v. *Dinnall,* 366 Mass. 165, 168-170 (1974); *Commonwealth* v. *Nichols,* 4 Mass. App. Ct. 606, 613-614 (1976); *Commonwealth* v. *Gill,* 2 Mass. App. Ct. 653, 657-658 (1974).

6. Finally, Savannah Beverly challenges the judge's charge on reasonable doubt as reducing the Commonwealth's burden of proof substantially below the constitutionally mandated standard of proof. See *In re Winship,* 397 U.S. 358, 364 (1970). The judge declined her request that he charge in the precise words of *Commonwealth* v. *Webster,* 5 Cush. 295, 320 (1850). Although we have encouraged close adherence to the language of the *Webster* charge (see *Commonwealth* v. *Pires, ante* 657, 664 [1983]; *Commonwealth* v. *Tavares,* 385 Mass. 140, 147 [1982]; *Commonwealth* v. *Wood,* 380 Mass. 545, 551 [1980]; *Commonwealth* v. *Ferreira,* 373 Mass. 116, 130 n.12 [1977]), we have upheld charges that have departed in certain respects from the *Webster* charge. See *Commonwealth* v. *Robinson,* 382 Mass. 189, 197-198 (1981); *Commonwealth* v. *Smith,* 381 Mass. 141, 146 (1980).

The adequacy of a charge on reasonable doubt must be determined from the entire charge. See *Commonwealth* v.

*Little,* 384 Mass. 262, 265 (1981); *Commonwealth* v. *Smith, supra* at 145. Standing alone, a particular portion of a charge on reasonable doubt might be misleading, whereas in the context of the entire charge the language may be appropriate, or at least not so prejudicial as to require reversal of the conviction.

We have set forth in the margin a major part of the judge's charge on reasonable doubt, indicating by numerals in brackets and by italics the four portions of the charge to which this defendant raises objection.[5] The language at

---

[5] "In a criminal case — and this is a criminal case — the Commonwealth has the burden of proving that a defendant is guilty of the charges against him or her beyond a reasonable doubt. This is a heavier, more difficult burden to meet than by what's called a preponderance of the evidence, or the greater weight of the evidence applied in civil cases. . . . In a criminal case the Commonwealth must prove each of the facts necessary to the crime charged beyond a reasonable doubt.

". . . . .

"So you must consider the defendant to be an innocent person until the Commonwealth proves and convinces you beyond a reasonable doubt that he or she, depending on the indictments you're dealing with, is guilty of every element of the crime with which he or she is charged. However, while the burden of the Commonwealth is a strict or heavy burden, it is not necessary that the defendant's guilt be proven to an absolute mathematical certainty.

"Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, for everything in the lives of human beings is open to some doubt. The Commonwealth must prove the defendant's guilt beyond a reasonable doubt.

"Now, what is that, reasonable doubt? What does it mean? It means what the words ordinarily imply. It must be a doubt based upon reason and common sense. The meaning of the term may become clearer by explaining both what it is and what it is not. It must be a reasonable doubt rather than an unreasonable doubt. It is a doubt which arises from the consideration of the evidence or lack of evidence or from a conflict in the evidence. It is not a doubt which comes from the juror's heart or from sympathy or from fear to return a verdict of guilty. It is a conscious uncertainty. That is, an uncertainty you are aware of as to the defendant's guilt based on the evidence.

"You the jury will remember that a defendant is never to be convicted on mere suspicion or guesswork. [1] *However, if a reasonable construction of the evidence leads to a conclusion of guilt, you may not ignore that conclusion.* While it is your duty to give the defendant the benefit of every reasonable doubt, you are not to search for doubt. You are to

Commonwealth v. Beverly.

[1], standing alone, is deficient. To say that the jury may not ignore a "reasonable construction of the evidence" that leads to "a conclusion of guilt" fails to reflect the concept of proof beyond a reasonable doubt. We conclude, however, that this deficiency is overcome by other language in the charge. Similarly, we find no fatal defect in the language at [2] when it is considered in context. Standing alone, that language has much the same deficiency as the language at [1]. There is no substantial problem with this language, however, if it is considered with the language preceding it in the same sentence and with the strong and accurate language immediately following it.

The other two challenged portions of the charge on reasonable doubt, at [3] and [4], are accurate statements of the law. Language stating that proof beyond a reasonable doubt is not proof by a preponderance of the evidence, as in [3], is unexceptionable, although obviously the jury must be told much more. It is, likewise, accurate to say, as in [4], that if the evidence is balanced, the jury must acquit. Some courts have thought, however, that a jury might improperly infer from such language that, if the even balance tilted just slightly against the defendant, a guilty verdict would be

search for truth and to say so by your verdict, whether it be guilty or not guilty.

"If, after a careful and impartial consideration of all the evidence presented in this case, you have an abiding belief of the guilt of the defendant as charged and [2] *are fully satisfied that a verdict of guilty is a just and reasonable conclusion from all the evidence, then the Commonwealth has proven the defendant's guilt beyond a reasonable doubt.*

"Stated another way, you must convict when the evidence of the defendant's guilt is so convincing that it satisfies your judgment and conscience as reasonable persons and leaves in your mind a clear and settled belief in the truth of the charges against the defendant. [3] *But if when all is said and done the Commonwealth has established only that it is more probable than not that the defendant has committed the offense, that is not sufficient, and you must find the defendant not guilty.*

"Similarly, if your minds are wavering, unsettled and unsatisfied because of a conscious uncertainty as to the defendant's guilt, you must also return a verdict of not guilty. [4] *Or if you view the evidence in the case as reasonably permitting either of two conclusions, one of guilt and one of innocence, then, of course, you must adopt the conclusion of innocence.*"

warranted. See *United States* v. *Hughes*, 389 F.2d 535, 537 (2d Cir. 1968); *United States* v. *Guglielmini*, 384 F.2d 602, 607 (2d Cir. 1967), cert. denied, 400 U.S. 820 (1970); *United States* v. *Link*, 202 F.2d 592, 594 (3d Cir. 1953); *State* v. *Smith*, 183 Conn. 17, 24-29 (1981). Cf. *Commonwealth* v. *Gerald*, 356 Mass. 386, 390 (1969). Although a reference to the consequences of an even balance in the evidence preferably should not be included in a charge on reasonable doubt, in the context of the entire charge this reference could not have led the jury to an improper inference. Other courts have reached the same conclusion in analogous situations. See *United States* v. *Clay*, 476 F.2d 1211, 1214-1215 (9th Cir. 1973); *United States* v. *Baratta*, 397 F.2d 215, 227 (2d Cir.), cert. denied, 393 U.S. 939 (1968); *Rivera* v. *Smith*, 544 F. Supp. 12, 14 (S.D.N.Y. 1982); *Hughes* v. *United States*, 363 A.2d 284, 286-288 (D.C. App. 1976).

7. The defendants' convictions are affirmed but their sentences are vacated. The defendants shall be resentenced under the general provisions of G. L. c. 94C, § 32E (*c*).

*So ordered.*