COMMONWEALTH vs. ISMAEL M. ROSA
(and a companion case[1]).*

Bristol.   October 17, 1983. — February 9, 1984.

Present: HALE, C.J., DREBEN, & SMITH, JJ.

*Search and Seizure,* Affidavit, Probable cause, Automobile. *Controlled Substances. Due Process of Law,* Vagueness of statute. *Practice, Criminal,* Sentence.

In proceedings against a defendant charged with trafficking in heroin, there was no error in the denial of a motion to suppress evidence of sixty-five glassine bags containing a heroin mixture seized during a search of an automobile pursuant to a search warrant, where from the face of the affidavit for the warrant it was evident that the informant was reliable and that he had first-hand knowledge of the defendant's departure in that automobile for New York to purchase heroin and of the approximate time of his return, and where, in any event, probable cause and exigent circumstances justified a search of the automobile when police officers sighted the automobile with the defendant in it at a time and place predicted by the informant.  [496-498]

At the trial of a defendant charged with trafficking in heroin, denial of the defendant's motion for a required finding of not guilty was warranted on evidence that the defendant with three other persons was travelling in an automobile stopped by police officers with a warrant to search the automobile, that ninety-two grams of a heroin mixture was found in the panel of the driver's door, that the panel had been disassembled during the search with a screwdriver found in the rear tire well of the automobile, that the defendant had rented the automobile on the previous day from a rental agency, and that, as a police officer approached the defendant to search him, the defendant stated that the police had "all the drugs that were in the car."  [498-499]

Use of the term "mixture" in G. L. c. 94C, § 32E(c), to define the offense of trafficking in heroin was not unconstitutionally vague as applied to a defendant convicted of possession of a mixture which was 2.2% heroin and which was useable as heroin in that concentration.  [499-500]

Where defendants convicted of trafficking in heroin had been sentenced under the invalid penalty provisions of clause 1 of G. L. c. 94C, § 32E (c), this court ordered resentencing under the general provisions of G. L. c. 94C, § 32E(c).  [500]

1 Commonwealth vs. Ramon Rojas.

* After a rehearing on the issue of sentencing, the court issued a further opinion, reported in 18 Mass. App. Ct. 247 (1984). — REPORTER.

INDICTMENTS found and returned in the Superior Court Department on August 24 and September 15, 1981, respectively.

In each case, pretrial motions to suppress evidence were heard by *Byron*, J. The first indictment, with respect to Ramon Rojas, was tried before *Mone*, J., and the second, with respect to Ismael M. Rosa, before *Taveira*, J.

*Daniel E. Callahan* for Ismael M. Rosa.

*Kenneth G. Littman* for Ramon Rojas.

*Phillip L. Weiner*, Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendants were convicted after separate jury trials of violating the heroin trafficking statute, G. L. c. 94C, § 32E(*c*), inserted by St. 1980, c. 436, § 4. Each received a sentence of from five to seven years at M.C.I., Walpole.

1. The defendants' motions to suppress the introduction of sixty-five glassine bags containing a heroin mixture were properly denied. The defendants argue suppression was required because the search warrant was issued on less than probable cause,[2] and put this argument in terms of the two-pronged test of *Aguilar* v. *Texas*, 378 U.S. 108, 112-116 (1964), and *Spinelli* v. *United States*, 393 U.S. 410, 415-416 (1969). See *Commonwealth* v. *Vynorius*, 369 Mass. 17, 20 (1975). However, the United States Supreme Court in *Illi-*

---

[2] Paragraph two of the affidavit averred: "A reliable informant, who proved himself reliable in the past, and his information led to the arrest and conviction of [a named person] in 1981 and the arrest in 1981 of [a named person] for violations of the Controlled Substance Laws. At 2:00 P.M. on this date my informant telephoned me and stated that one Ramon Rojas, dob 3/23/50, having a last known address of 874 Shawmut Ave.; left New Bedford at 1:45 P.M. this afternoon en route to New York City to purchase a large amount of heroin. The informant further stated that Rojas told him he would be back late tonight or early in the morning (7/18/81) and that the informant would be able to purchase heroin at that time. When he last saw Rojas he (Rojas) was operating a 1974 Chevrolet Malibu station wagon green in color and stated that this is what he was driving to New York. The vehicle bore Ma. Reg. #262-BVE." The affidavit also disclosed that the police had determined that the vehicle was registered to a local automobile rental agency.

*nois* v. *Gates*, 462 U.S. 213 (1983), recently adopted a "totality of the circumstances" approach in which the informant's veracity and basis of knowledge are still important but are not elements indispensible to a finding of probable cause where the tip is adequately corroborated. *Commonwealth* v. *Upton*, 390 Mass. 562, 568-574 (1983). *Commonwealth* v. *Nowells*, 390 Mass. 621, 626 (1983).

Regardless of which of these tests is applied in this case, the affidavit here was more than adequate to support a finding of probable cause. Understandably, neither defendant contests the credibility of the informant (contrast *Upton, supra* at 569-570) for, as the affidavit avers, the informant had given reliable information in the past which had led to one conviction and to an arrest for violations of drug laws. The first-hand character of the informant's knowledge is evident from the face of the affidavit. ("The informant further stated that *Rojas told him* he would be back late tonight or early in the morning . . . and that the informant would be able to purchase heroin at that time. When *he last saw* Rojas he [Rojas] was operating a 1974 Chevrolet Malibu station wagon green in color." [Emphasis added.]) Contrast *Commonwealth* v. *Flaherty*, 6 Mass. App. Ct. 876, 877 (1978) (nothing in tip itself showing basis of knowledge). We may fault the affidavit for failing to specify the precise time and place of the offer, but that is not dispositive (see *Commonwealth* v. *Anderson*, 362 Mass. 74, 76 [1972]), for the information, particularly as to the departure of the vehicle, was exceptionally detailed (departure time of 1:45 P.M. on July 17th, description of vehicle, exact registration number). Contrary to the defendants' assertions, the existence of a controlled delivery is not essential to justify the issuance of an anticipatory warrant. See, e.g., *Illinois* v. *Gates*, 462 U.S. at 217. Nor need an affidavit always be corroborated by police investigation. See *Commonwealth* v. *Montanague*, 5 Mass. App. Ct. 889 (1977). At bottom, the facts alleged in the affidavit — which was in large part comprised of Rojas' own statements to a reliable informant giving some detailed matter — created a substantial proba-

bility that the seizable property would be in the vehicle when searched. See *Commonwealth* v. *Soares,* 384 Mass. 145, 155 (1981); *Commonwealth* v. *Weeks,* 13 Mass. App. Ct. 194, 197-199 (1982).

Moreover, the search could be justified on the alternative basis (see *Commonwealth* v. *White,* 374 Mass. 132, 140 [1977], aff'd by an equally divided Court, 439 U.S. 280 [1978]), that probable cause and exigent circumstances existed justifying a warrantless search of the vehicle. See *Commonwealth* v. *King,* 389 Mass. 233, 246 (1983). The reliable informant information was corroborated the next morning when police officers, who were conducting a surveillance for Rojas, sighted a green Chevrolet Malibu station wagon at a time, and headed in a direction, predicted by the informant. Even if there had previously been a question as to probable cause, it disappeared at the time Lieutenant Blouin, the affiant, recognized Rojas in the vehicle. See *Draper* v. *United States,* 358 U.S. 307 (1959). The ensuing search fell within the scope of a permissible automobile search. See *United States* v. *Ross,* 456 U.S. 798, 823-825 (1982). *King, supra* at 247.

2. Rojas' motion for a required finding of not guilty challenged the Commonwealth's evidence on two elements of an offense under G. L. c. 94C, § 32E(c): knowledge and possession. "Possession implies 'control and power,' . . . exclusive or joint, . . . or, in the case of 'constructive possession,' knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Deagle,* 10 Mass. App. Ct. 563, 567 (1980) (citations omitted). While constructive possession may be proven by circumstantial evidence, "to warrant a finding of possession of contraband, 'it is not enough to place the defendant and the contraband in the same car'." *Id.* at 566-567, and cases cited.

Here, there was evidence of the following at both trials: (1) at the time the vehicle was stopped by New Bedford police, four individuals sat in the vehicle — Rosa (driver), his girlfriend (front passenger's seat), Rojas (back seat behind driver) and his girlfriend ("luggage area in back of

seat"); (2) a manila package containing ninety-two grams of a heroin mixture was found in the panel of the driver's door; (3) the panel had been disassembled during the officer's search with the use of a Phillips head screwdriver found in the "rear tire well"; and (4) Rojas had rented the vehicle the previous day from a New Bedford rental agency. In addition, evidence of inculpatory statements that could have been found to have been made by Rojas were admitted at his trial. At that trial, a New Bedford officer testified that when he approached Rojas to conduct a "skin search," Rojas said "we had all the drugs — we had all the drugs that were in the car."

The jury were warranted in finding from Rojas' single statement that Rojas knew of the existence and contents of the manila envelope. Furthermore, that Rojas had rented the car the day earlier, was present in the car when the contraband was found, and later made a statement from which knowledge could be inferred, warranted the jury in concluding that Rojas possessed the contraband. See *Commonwealth* v. *Albano*, 373 Mass. 132, 134-135 (1977); *Commonwealth* v. *Gray*, 5 Mass. App. Ct. 296, 299 (1977). Contrast *Commonwealth* v. *Williams*, 3 Mass. App. Ct. 370 (1975); *Commonwealth* v. *Duffy*, 4 Mass. App. Ct. 655 (1976). After viewing the evidence in the light most favorable to the prosecution, a rational jury could have found the essential elements of knowledge and possession beyond a reasonable doubt. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

3. Rosa contends that use of the term "mixture" to define the offense proscribed by G. L. c. 94C, § 32E(*c*), is unconstitutionally vague because "a grain of heroin on a stretch of beach could make the entire area subject to controlled substance legislation" and because the "statute does not suggest whether components of the mixture must combine in a new form or may retain their separate properties." However, in this case there was evidence suggesting that the quantitative percentage of the mixture was 2.2% heroin and that the mixture was useable as heroin in this potency. Thus, "[a]t

least as applied to these defendants, we see no unconstitutional ambiguity in the word 'mixture' in the statute." *Commonwealth* v. *Beverly*, 389 Mass. 866, 869 (1983). See *Lavelle* v. *State*, 250 Ga. 224, 226 (1982).

4. Rojas' equal protection argument was disposed of adversely to him in *Beverly, supra* at 869.

5. Among other contentions in these appeals, the defendants argue that the penalty provision of clause 1 of § 32E(c), as inserted by St. 1980, c. 436, § 4, under which each defendant was sentenced, violates due process. See now St. 1982, c. 650, § 11. Applying the reasoning of *Commonwealth* v. *Marrone*, 387 Mass. 702, 704-707 (1982), which invalidated clause 3 of the same section, we agree that "it would be sheer conjecture on our part to conclude that the Legislature meant the [five-year] term to be either the maximum term or the minimum term." *Id.* at 704. See *Commonwealth* v. *Bongarzone*, 390 Mass. 326, 335 (1983); *Commonwealth* v. *Varney*, 391 Mass. 34, 45-47 (1984). Compare *Commonwealth* v. *Burgos*, 390 Mass. 763, 764-765 (1984). The same rationale which dissuaded the *Marrone* court from reading only the word "maximum" into clause 3 applies with equal force to reading only the word "minimum" into clause 1. Also, the Commonwealth's prescription to cure the ambiguity in clause 1 (that clause 1 "can only be construed as a mandatory minimum sentence") carries the side effect of rendering clause 1 superfluous to the main paragraph. The defendants succeed on this issue, but not on any other. Accordingly, the verdicts are to stand but we vacate the sentences and remand both cases for resentencing under the general provisions of G. L. c. 94C, § 32E(c), inserted by St. 1980, c. 436, § 4. See *Commonwealth* v. *Beverly*, 389 Mass. at 873.

*So ordered.*