COMMONWEALTH vs. MICHAEL A. MORSE.

Essex. May 2, 1988. — July 6, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Instructions to jury, Reasonable doubt, Comment by
    judge, Sentence.

At the trial of a criminal case, the judge's instructions to the jury with respect
    to the meaning of reasonable doubt which included, in the midst of an
    otherwise correct explanation of the requisite standard of proof, mislead-
    ing language about an exception to the Commonwealth's burden of proof
    did not, in the circumstances, create a substantial risk of a miscarriage
    of justice. [736-738] O'CONNOR, J., dissenting.
The record of a trial de novo in a District Court in which the judge, at the
    close of the Commonwealth's case, informed the defendant that he still
    had the option of accepting the sentence imposed at his prior bench trial
    did not support the defendant's contention that the greater sentence
    imposed by the judge after the jury trial was vindictive punishment for
    the defendant's insistence on his right to a trial de novo; nor was there
    any indication that the sentence imposed was excessively harsh or based
    upon improper considerations. [738-740]

COMPLAINTS received and sworn to in the Lawrence Division
of the District Court Department on October 15, 1985.

On transfer to the Haverhill Division, the cases were tried
before *William H. Sullivan*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Patricia A. O'Neill*, Committee for Public Counsel Services,
for the defendant.

*Elin H. Graydon*, Assistant District Attorney, for the Com-
monwealth.

LYNCH, J. The defendant appeals from his conviction in
the jury session of the Haverhill Division of the District Court
Department of assault and battery after a bench trial in which
he was found guilty of disturbing the peace, breaking and

entering[1] and two complaints of assault and battery. He claims error in the judge's charge on reasonable doubt, and that, in sentencing, the judge considered impermissible factors and punished the defendant for claiming an appeal. We conclude that there is no basis to disturb the conviction or the sentence.

There was evidence from which the jury could have found that the defendant was an uninvited guest at a party given by the tenant of a small apartment in a duplex located in Methuen. The owner of the duplex, who also resided there, was either called to or went to the apartment because of a disturbance. The husband and son of the owner were also on the premises. In the course of a conversation between the owner, a middle-aged woman, and the defendant, he punched and pushed her with a great deal of force and then began fighting with her son. The police were called and when they arrived, the defendant fled. After a chase he was caught and he struggled violently with the police, both as he was being arrested and at the police station. He also made threats against a daughter of one of the arresting officers.

1. *The charge on reasonable doubt.* As can be seen from the portions of the charge set out in the margin,[2] with one

---

[1] The breaking and entering charge was reduced to trespassing prior to the start of the jury trial.

[2] The portion of the charge with respect to reasonable doubt is as follows: "Now, the Supreme Judicial Court defines reasonable doubt as follows: It says the term is often used and probably pretty well understood, but is not that easily defined. It is not the mere possible doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. Reasonable doubt is that state of the case when, after the entire comparison and consideration of all of the evidence, the minds of the jurors are left in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.

"The burden of proof is upon the prosecutor. All presumptions of law, independent of evidence, are in favor of innocence. Every person is presumed to be innocent unless he's proven guilty. If, after such proof as has been offered, there is reasonable doubt remaining, the accused is entitled to the benefit of that by being acquitted. It is not sufficient for the Commonwealth just to establish a probability. Although, an exception would be when one arises from the fact that the crime charged is more likely to be true than contrary, but the evidence must be the truth of the facts to a reasonable and moral certainty that satisfies the reason and judgment of you the jurors, who are bound to act consciously upon it."

exception, the judge's instructions on reasonable doubt followed long-established principles as well as recent decisions of this court. *Commmonwealth* v. *Beverly*, 389 Mass. 866, 870 (1983). *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850).

However, in discussing reasonable doubt and the Commonwealth's burden of proof, the judge told the jury: "It is not sufficient for the Commonwealth just to establish a probability. Although, an exception would be when one arises from the fact that the crime charged is more likely to be true than contrary, but the evidence must be the truth of the facts to a reasonable and moral certainty . . . ." It is unnecessary for us to speculate upon what the judge may have had in mind when he spoke of an exception to the general rule; suffice it to say that that portion of the charge was not a correct statement of the law. Since there was no objection, however, we review to determine whether the judge's instruction created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Wood*, 380 Mass. 545, 547 (1980). No such risk was created in this case since the misleading language about an exception was followed by the clear caveat that "the evidence must be the truth of the facts to a reasonable and moral certainty."

In *Commonwealth* v. *Beverly*, 389 Mass. 866 (1983), we had occasion to consider a charge on reasonable doubt wherein the jury were instructed: "However, if a reasonable construction of the evidence leads to a conclusion of guilt, you may not ignore that conclusion." *Id.* at 871 n.5. The court held that language to be deficient. "To say that the jury may not ignore a 'reasonable construction of the evidence' that leads to 'a conclusion of guilt' fails to reflect the concept of proof beyond a reasonable doubt." *Id.* at 872. Nevertheless, the court concluded that the deficiency was overcome by other language in the charge. *Id.* Similarly, where the charge contained an obvious misstatement of the Commonwealth's burden of proof, we emphasized that "to determine whether a definition of reasonable doubt accurately conveys the meaning of the term, it is necessary to consider the charge as a whole." *Commonwealth* v. *A Juvenile (No. 2)*, 396 Mass. 215, 218-219 (1985), quoting

*Commonwealth* v. *Smith*, 381 Mass. 141, 145 (1980). "Thus, it is not our practice to 'dissect a charge to determine if each part is constitutionally adequate.'" *Commonwealth* v. *A Juvenile (No. 2), supra* at 219, quoting *Commonwealth* v. *Garcia*, 379 Mass. 422, 439, 441 n.12 (1980). In this case where we review under a substantial risk of miscarriage of justice standard, the offending statement causes no greater infirmity to the charge than those in *A Juvenile* and *Beverly, supra.*

Here, in addition, there was no suggestion by the judge that the exception he spoke of had application to the facts of the case before him; the offending language was followed with the unqualified instruction that there "must be the truth of the facts to a reasonable and moral certainty that satisfies the reason and judgment of you the jurors"; the charge was otherwise proper; the jury made a distinction by finding the defendant not guilty of charges supported by less convincing evidence; and the evidence of guilt was strong. The defendant concedes that the charge was correct but for the offending language described above. The evidence of the assault on the owner was supported by her direct and unimpeached testimony that the defendant punched and pushed her, which caused massive bruises to her arm. Even the defendant concedes that the owner may have fallen in the course of the melee. The evidence against the defendant on the other assault charge which arose out of a fight between the owner's son and the defendant was not so strong. Thus the inexplicable exception language that the judge included in his charge did not create a substantial risk of a miscarriage of justice.

2. *Sentencing.* The defendant contends that the greater sentence imposed after the jury trial was vindictive punishment for the defendant's insistence on his right to a trial de novo. At the close of the Commonwealth's case the judge allowed the defendant's motion for a required finding of not guilty on the trespassing charge and then informed the defendant that he had the option of dismissing his appeal, and taking the same sentence (concurrent one year on the assault charges and a concurrent six months on disturbing the peace) as he had re-

ceived at the bench trial. At that point the judge said, "I don't think it is necessary that I say any more than that." The defendant argues that the judge meant to imply that, if the defendant persisted with his jury trial and was convicted, he would pay the price at sentencing. This inference, he says, is borne out by the fact that, in spite of being found not guilty of three of the four charges, his sentence was increased to two years, eighteen months to be served. The defendant did not object at the time the statement was made nor did he object to the sentence or seek a revision of it under Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979).

There was no impropriety in the judge's informing the defendant at the close of the Commonwealth's case that he still had the option of accepting the sentence imposed at the bench trial. Affording the defendant such an option contains no suggestion or threat of retribution if the option is not accepted, considering that the defendant was given the advantage of being able to decide whether to proceed with his defense in light of what he knew was the actual evidence against him, or to waive his appeal with the firm knowledge of what his sentence would be. In this context, the judge's additional remarks are relatively innocuous and we do not perceive the inferential threat of retribution ascribed to them by the defendant. Thus far the defendant has failed to establish a case of vindictive sentencing. Of course, if the sentence imposed was excessively harsh or based upon "improper considerations" new sentencing would be required. See *Commonwealth* v. *Coleman*, 390 Mass. 797, 805-810 (1984). The sentence, well within the maximum permitted by G. L. c. 265, § 13A (1986 ed.), cannot be considered excessively harsh in light of the defendant's past conduct, the circumstances attending the commission of the crime, and his subsequent arrest.

There remains for our consideration, therefore, the question whether the judge took impermissible factors into consideration in imposing the defendant's sentence. The judge said he considered the defendant's use of alcohol on the night of the incident, his criminal record, and the fact that he fled the scene. The judge also heard evidence that the defendant violent-

ly struggled with the police both at the scene of his arrest and at the station. A judge may consider the circumstances attending the commission of the crime in sentencing. *Commonwealth* v. *Coleman, supra* at 805. The defendant complains, however, that the judge also considered that the defendant threatened the daughter of one of the arresting officers. Clearly there was testimony to this effect but the defendant was not charged or convicted of any crime involving such a threat.

Here we are not presented with a case such as *Commonwealth* v. *Franks*, 365 Mass. 74, 81 (1974), where the record clearly demonstrated that the defendant was being sentenced for a crime other than that of which he was convicted. This is more comparable to situations where sentencing has been upheld even though the judge, in discussing the sentence imposed, commented on evidence in the case which was, or could have been, the subject of another criminal charge. *Commonwealth* v. *Whitehead*, 379 Mass. 640, 664 (1980). Cf. *Commonwealth* v. *Joseph*, 11 Mass. App. Ct. 879, 881-882 (1981) (judge's comment to defense counsel at sentencing did not warrant inference that defendants were being punished for insisting on their right to trial). There is no basis for concluding that the judge increased the severity of the sentence because he believed the defendant guilty of a crime of which he was not convicted; rather it appears that the sentence reflected the judge's view of what was appropriate in view of all the evidence before him.

*Judgment affirmed.*

O'CONNOR, J. (dissenting). After adequately defining "reasonable doubt," the judge charged the jury as follows: "The burden of proof is upon the prosecutor. All presumptions of law, independent of evidence, are in favor of innocence. Every person is presumed to be innocent unless he's proven guilty. If, after such proof as has been offered, there is reasonable doubt remaining, the accused is entitled to the benefit of that by being acquitted. It is not sufficient for the Commonwealth just to establish a probability." The judge, unfortunately, then added to that correct instruction, the following: "Although

an exception would be when one arises from the fact that the crime charged is more likely to be true than contrary, but the evidence must be the truth of the facts to a reasonable and moral certainty that satisfies the reason and judgment of you the jurors, who are bound to act consciously upon it."

The instructions internally conflicted. Proof of a probability that the defendant committed the crime, the judge said, is *not* enough for conviction. Proof of a probability, the judge also said, *is* enough. Nowhere in the instructions is that conflict resolved. Unlike in *Commonwealth* v. *A Juvenile (No. 2)*, 396 Mass. 215 (1985), the court cannot be confident that the jury understood from the charge as a whole that the incorrect statement was inadvertent. In that case, the judge gave a lengthy and, with one exception, correct instruction on the Commonwealth's burden of proof beyond a reasonable doubt. *Id.* at 217 n.2. He devoted considerable attention to the meaning of "beyond a reasonable doubt," thus emphasizing the importance of that concept to the Commonwealth's burden. In the course of his instruction, the judge stated that the proof required for conviction "is not proof beyond a reasonable doubt." In the context of the entire charge, it would have been obvious not only to persons trained in the law but to untrained persons as well that the judge's use of the word "not" was inadvertent. We held there was no reversible error.

In *Commonwealth* v. *Beverly*, 389 Mass. 866, 870-873 (1983), the judge carefully, repetitively, and correctly instructed the jury with respect to the meaning of proof beyond a reasonable doubt and the Commonwealth's burden to meet that standard. He then told the jury that, "if a reasonable construction of the evidence leads to a conclusion of guilt, you may not ignore that conclusion. While it is your duty to give the defendant the benefit of every reasonable doubt, you are not to search for doubt. You are to search for truth and to say so by your verdict, whether it be guilty or not guilty." *Id.* at 871 n.5. We recognized, *id.* at 872, that "[t]o say that the jury may not ignore a 'reasonable construction of the evidence' that leads to 'a conclusion of guilt' fails to reflect the concept of proof beyond a reasonable doubt." However, we concluded that

that deficiency was overcome by other language in the charge. *Id.* While the judge's statement in *Beverly* was deficient, the statement was not made in conjunction with a discussion of the Commonwealth's burden of proof, but rather was in the context of an exhortation to the jury to seek the truth and declare it by their verdict. Furthermore, even as to burden of proof, the statement did not expressly contradict the numerous other correct instructions the judge had given. The statement was consistent with the notion that the jury should not ignore a conclusion of guilt established beyond a reasonable doubt by a reasonable construction of the evidence. The statement was not, as it is in the case at bar, "the exact inverse of what it should have been." *Commonwealth* v. *Wood*, 380 Mass. 545, 548 (1980), quoting *Dunn* v. *Perrin*, 570 F.2d 21, 24 (1st Cir.), cert. denied, 437 U.S. 910 (1978). Our conclusion in *Beverly* that the incorrect statement, when viewed in context, did not require reversal, should not cause the court in this case to brush aside a clearly wrong and uncorrected statement likely at least to confuse, if not to mislead, the jury as to the standard of proof to be met by the Commonwealth.

The court attempts to justify its affirmance of the conviction by stating that "[h]ere . . . there was no suggestion by the judge that the exception he spoke of had application to the facts of the case before him." *Ante* at 738. Is the court really confident that the jury, charged with deciding this case, understood that, in his final instructions, the judge was telling them about an exception applicable to some other case but not to this one?

The court's reliance on the fact that "the jury made a distinction by finding the defendant not guilty of charges supported by less convincing evidence," *ante* at 738, is also unjustified. For all that appears, the jury were satisfied that probably the defendant assaulted and beat one alleged victim, but was not satisfied that probably he broke and entered or that probably he assaulted and beat the other alleged victim. The jury's discrimination between charges says nothing about the standard of proof they applied.

The defendant was convicted of assault and battery on Winifred Guilfoyle. She testified that he punched her. He testified that he did not. "[N]o part of the usual instructions to juries in criminal cases is of more significance than the discussion of reasonable doubt." *Commonwealth* v. *Ferreira*, 373 Mass. 116, 128 (1977). The jury's understanding of reasonable doubt and the Commonwealth's burden of proving its case by that standard is especially significant where, as here, "central facts . . . are at issue, and credibility plays a key role." *Commonwealth* v. *Wood*, *supra* at 549, quoting *Commonwealth* v. *Garcia*, 379 Mass. 422, 441 (1980). Clearly, the erroneous instruction in this case created a substantial risk of a miscarriage of justice, see *Commonwealth* v. *Wood*, *supra* at 549-550; *Commonwealth* v. *Sullivan*, 20 Mass. App. Ct. 802, 805 (1985). Therefore, the conviction should be reversed, and the case should be remanded for a new trial.[1]

---

[1] In view of the result I would reach on the basis of the jury instructions, I do not address the defendant's arguments relative to sentencing beyond expressing my view that they have merit.