Following a jury trial, the defendant was convicted of carrying a firearm without a license in violation of G. L. c. 269, § 10(a ). In this appeal, he claims that there was insufficient evidence to support his conviction and that there was error in the prosecutor's closing statement. We affirm.
1. Sufficiency of the evidence. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth with specific reference to the substantive elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324 n.16 (1979) ; Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). "In order to sustain a conviction, the Commonwealth must prove beyond a reasonable doubt that the defendant 'actually or constructively possessed the firearm,' and that he did so knowingly." Commonwealth v. Romero, 464 Mass. 648, 652 (2013), quoting from Commonwealth v. Hubbard, 69 Mass. App. Ct. 232, 237 (2007). "Possession implies 'control and power,' ... exclusive or joint ..., or, in the case of 'constructive possession,' knowledge coupled with the ability and intention to exercise dominion and control." Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989), quoting from Commonwealth v. Rosa, 17 Mass. App. Ct. 495, 498 (1984).
In the light most favorable to the Commonwealth, the jury could have found the following: after police officers attempted to stop the car in which the defendant was a passenger, the driver slowed, but then accelerated and drove away from the police cruiser. A police officer saw an arm reach out of the front passenger's window and throw a dark object toward a parked vehicle and a building. The car did not sway or move when the object was thrown. The vehicle eventually stopped 150 yards away from where the object was discarded. After detaining the defendant, the officers returned to that location and retrieved a loaded 9-millimeter handgun from underneath the passenger's side of a parked vehicle. The handle was broken and plastic pieces of the handle were found near the firearm.
From this evidence, it was a reasonable inference that the defendant, the sole passenger, who was seated in the front passenger seat, threw the firearm from the passenger window. Contrary to the defendant's claim, that inference was not defeated because he neither owned nor operated the car, and the firearm was not found on his person or in the car. Such matters affect the weight of the evidence, not its sufficiency. In any event, the claim is simply not relevant to the evidence here, which supports the rational conclusion that the defendant-passenger threw the gun out the window. Therefore, the evidence was sufficient to establish actual possession and knowledge of the firearm. See Commonwealth v. Jefferson, 461 Mass. 821, 827 (2012).
2. Closing argument. The defendant claims the prosecutor erred in his closing argument in three respects, by: (1) misstating the evidence in suggesting that the defendant informed the driver about the gun; (2) impermissibly vouching for a police officer's credibility; and (3) relying on facts not in evidence to argue that the defendant threw the gun with such force that it bounced off a nearby wall. The defendant objected to only the last claim. We review the preserved claim under the prejudicial error standard and the remaining claims under the substantial risk of a miscarriage of justice standard. Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). Commonwealth v. Springer, 49 Mass. App. Ct. 469, 476 (2000). In all three claims, we find no error.
First, with regard to the defendant's unpreserved claim that the prosecutor misstated evidence, the prosecutor stated: "The evidence suggests that [the driver] didn't stop because the passenger informed him that the gun was in the car." A prosecutor may, as here, "analyze the evidence and suggest what reasonable inferences the jury should draw from that evidence." Commonwealth v. Grimshaw, 412 Mass. 505, 509 (1992). There was no error.
Second, with regard to the defendant's unpreserved claim that the prosecutor impermissibly vouched for the witness's credibility, the prosecutor referenced "the arm out the window," a fact in evidence, to which he retorted: "There's no escaping that." This statement merely responded to the defendant's attack on the witness's credibility and did not impermissibly imply that the police witness inherently should be believed. Contrast Commonwealth v. Kelly, 417 Mass. 266, 271 (1994). The jury, properly instructed, were free to weigh the credibility of the officer's testimony. Commonwealth v. Brewer, 472 Mass. 307, 315 (2015).
Third, relative to the defendant's preserved claim that the prosecutor referred to facts not in evidence, we disagree. This remark was based on the officer's testimony, and the reasonable inferences drawn therefrom. In fact, the officer testified that the object was thrown "at a fast pace" from the front passenger window. He estimated that the object "went up about 50 feet-50 degrees, so it would be over-it appeared to be over the [parked] vehicle." He further testified that a building was located twenty feet away from the car's passenger window. After the car was stopped, the police found a broken firearm with several scattered pieces of plastic underneath a parked car adjacent to a wall of the nearby building. The argument was not improper.
In any case, the judge gave two instructions to the jury, both before and after the closing arguments, that such arguments are not evidence. Even if there were any missteps by the prosecutor, these instructions would have been sufficient to alleviate any potential prejudice. Furthermore, "[j]urors are presumed to follow a judge's instructions." Commonwealth v. Williams, 450 Mass. 645, 651 (2008).[2]
Judgment affirmed.

We have considered the defendant's subsidiary arguments and find nothing that warrants further discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).