COMMONWEALTH *vs.* FRANK M. ELWOOD. February 3, 1978. As no question of the sufficiency of the evidence that the defendant was the robber has been raised on appeal, it is only necessary for us to consider whether it was error for the judge to admit the defendant's statements. The "relevancy of testimony depends upon the question, whether it has a rational tendency to prove the issues made by the pleadings or other incidental material issues developed in the course of the trial." *Commonwealth* v. *Fillippini*, 1 Mass. App. Ct. 606, 611 (1973), quoting *Commonwealth* v. *Durkin*, 257 Mass. 426, 427-428 (1926). The trial judge has great discretion in admitting evidence, and his decision will be sustained if the evidence tends even remotely to show the existence of a fact in controversy. *Commonwealth* v. *Fillip-*

*pini, supra.* See Torcia, Wharton's Criminal Evidence § 155 (13th ed. 1972). There was sufficient coincidence of factors (e.g., sex of the accomplice, caliber of the handgun) to meet this test. The fact that the defendant's statement differed in several respects from the circumstances of the crime as testified to by the victim goes to the weight and not the admissibility of the evidence. Accordingly, we conclude that the judge did not err or abuse his discretion. Moreover, in light of the overwhelming incriminating evidence introduced at trial, we would have concluded that, if admission of the statement had been error, that error was harmless beyond a reasonable doubt. *Chapman* v. *California,* 386 U.S. 18, 21-24 (1967). See *Harrington* v. *California,* 395 U.S. 250, 253-254 (1969); *Commonwealth* v. *Morgan,* 369 Mass. 332, 340-342 (1975), cert. denied, 427 U.S. 905 (1976). Contrast *Milton* v. *Wainwright,* 407 U.S. 371, 382-384 (1972) (Stewart, J., dissenting).

*Judgment affirmed.*

The case was submitted on briefs.
*Fern L. Nesson* for the defendant.
*Charles A. Murray, III, Thomas J. Carey, Jr.,* Assistant District Attorneys, & *Kathleen Joyce* for the Commonwealth.