COMMONWEALTH *vs.* DAVID F. WHITE. February 5, 1980. The defendant was convicted on an indictment charging unarmed robbery (G. L. c. 265, § 19) and appeals.

1. It was not error to admit in evidence the postarrest statements of the defendant. Compare *Commonwealth v. Williams*, 378 Mass. 217, 226-227 (1979). After receiving full and fair Miranda warnings (about which there is no dispute), the defendant was asked if he understood his rights. He replied "Yes," and added "something to the effect that he had been around." When asked a short time later if he wanted to tell about the incident at the scene of the alleged offense, the defendant denied that he was present, claimed he had no knowledge of the incident, and added that "he had a lawyer in Rhode Island that would take care of the whole matter." In response to another question the defendant then made the admissions he sought to suppress at trial. "[I]f the record demonstrates that a defendant has been clearly and accurately told of the Miranda rights and that he has affirmatively acknowledged his understanding of those rights, a knowing and intelligent waiver of those rights may be inferred, in circumstances not otherwise casting doubt on voluntary waiver [footnote omitted], from his proceeding to answer questions without asking for a lawyer." *Commonwealth v. Johnson*, 3 Mass. App. Ct. 226, 229-231 (1975), and cases cited. See *Commonwealth v. Monteririo*, 4 Mass. App. Ct. 349, 351 (1976). Compare *Commonwealth v. Santo*, 375 Mass. 299, 305 (1978); *Commonwealth v. Richmond*, 379 Mass. 557, 559-560 (1980). Contrast *Commonwealth v. Dustin*, 373 Mass. 612, 614-616 (1977).

This is not a case where the defendant requested counsel or was already represented by counsel. Compare the majority and dissenting opinions in *Commonwealth v. Brant*, 8 Mass. App. Ct. 558 (1979), further appellate review granted, 379 Mass. 927 (1980).

2. As to the defendant's contention that the judge should have instructed the jury on "the lesser included offense of assault and battery" even though he failed to request such an instruction, we think what we said in *Commonwealth v. Simon*, 6 Mass. App. Ct. 894, 895 (1978), and cases cited therein, fully controls the present case. See also *Commonwealth v. Johnson*, 379 Mass. 177, 181-182 (1979). We note in passing that the co-defendant did make such a request.

*Judgment affirmed.*

*Bernard Grossberg* for the defendant.
*Charles J. Hely*, Assistant District Attorney (*Kevin W. Gaughan*, Assistant District Attorney, with him) for the Commonwealth.