COMMONWEALTH *vs.* SAMUEL L. COLLINS. May 8, 1980. On this appeal from a conviction for kidnapping, the defendant attacks only the trial judge's finding (made after a voir dire at which the defendant and a police officer testified) that the defendant had waived his Miranda rights so that his statements, made in reply to police questions, were admissible in evidence. From our examination of the testimony at the voir dire — from which the following summary is drawn — we conclude that the judge's finding of waiver was correct. The defendant was apprehended after a chase; he was given the Miranda warnings — then and again at the police station. When asked by the police whether he understood the warnings, "He said yes, he did, but he asked, 'What is this all about?'" This latter remark seems a protestation of innocence rather than an indication of puzzlement at the Miranda warnings. He was also given a form with reference to his right to use the telephone and arrange for release on bail and was asked "if he understood it after he read it. And he said yes, and he signed it" without any difficulty. He also signed without any difficulty a prisoner's property receipt. The questioning was short, about ten minutes. The police officer testified that the defendant smelled of alcohol but that he was sober. The judge accepted the police officer's testimony and stated that she did not believe the defendant's testimony as to the prodigious quantity of liquor he had consumed. She well might have been incredulous in view of the defendant's own testimony as to his

other activities that night. Indeed, the defendant does not appear to contest the judge's findings of (as put in his brief) "the defendant's ability to comprehend and understand his rights." He argues that further "affirmative evidence of a relinquishment or waiver" is required. However, "if the record demonstrates that a defendant has been clearly and accurately told of the Miranda rights and that he has affirmatively acknowledged his understanding of those rights, a knowing and intelligent waiver of those rights may be inferred, in circumstances not otherwise casting doubt on voluntar[iness] . . . ." *Commonwealth* v. *Johnson,* 3 Mass. App. Ct. 226, 230 (1975). *Commonwealth* v. *Roy,* 2 Mass. App. Ct. 14, 19-20 (1974). *Commonwealth* v. *Monteririo,* 4 Mass. App. Ct. 349, 351 (1976). *Commonwealth* v. *White, ante* 839, 840 (1980). See *Commonwealth* v. *Williams,* 378 Mass. 217, 226 n.7 (1979), citing *North Carolina* v. *Butler,* 441 U.S. 369 (1979).

*Judgment affirmed.*

*Stephen Hrones* for the defendant.
*Susan A. Ghetti,* Legal Assistant to the District Attorney, for the Commonwealth.