COMMONWEALTH *vs.* BEN KINNEY. July 23, 1981. The defendant appeals from convictions on six indictments, each charging unlawful possession of a controlled substance: two for heroin, two for cocaine; one for procaine and one for heroin with intent to distribute. The defendant was acquitted on a further indictment charging unlawful possession of a controlled substance (heroin) with intent to distribute. Verdicts were returned on January 10, 1978, but, as the defendant by that time had fled the jurisdiction, sentencing did not take place until February 27, 1980. The defendant has raised seven distinct issues. There was no error.

1. Having been given his Miranda warnings by two officers and having told both that he understood the warnings, the defendant shortly thereafter was asked by another officer whether he used heroin. The defendant responded in the negative. In denying the defendant's motion to suppress that statement, the judge found on the basis of ample evidence that the defendant's response to that question "was voluntarily given after [he] had been fully advised of his so-called Miranda rights which he fully understood and waived." See *Commonwealth* v. *Monteririo*, 4 Mass. App. Ct. 349, 350 (1976); *Commonwealth* v. *White*, 9 Mass. App. Ct. 839 (1980).

2. There is no merit to the defendant's claim that the judge erred in not giving a requested instruction on circumstantial evidence. The

judge's charge on reasonable doubt cannot be faulted. He further charged on the matter of inferences and instructed that in drawing inferences the jury must be satisfied beyond a reasonable doubt of the existence of the basic facts and, further, that they must be satisfied beyond a reasonable doubt that any inference drawn from such facts would be a proper one. *Holland* v. *United States,* 348 U.S. 121, 139-140 (1954). Compare *Commonwealth* v. *Rhoades,* 379 Mass. 810, 822-823 (1980).

3. There was no error in the judge's refusal to charge that "[t]here is no presumption that a person who has possession of heroin has it with intent to sell or distribute it." The judge instructed the jury on all the elements of the offenses charged and on the Commonwealth's burden of proof as to each of those elements. The defendant was entitled to no more. *Commonwealth* v. *Kelley,* 359 Mass. 77, 92 (1971). *Commonwealth* v. *Bucaulis,* 6 Mass. App. Ct. 59, 66-67 (1978), and cases cited.

4. Evidence that certain hats found in the third floor apartment at 24 Bowdoin Street in Worcester, where drugs and related paraphernalia were found, were similar in appearance to ones the defendant had been seen wearing was relevant to the defendant's control over the apartment. There was no abuse of discretion in admitting the hats in evidence. *Commonwealth* v. *Vitello,* 376 Mass. 426, 440 (1978). *Commonwealth* v. *Elwood,* 6 Mass. App. Ct. 842 (1978). "The weight to be given to the evidence was for the jury." *Commonwealth* v. *Ellis,* 373 Mass. 1, 5 (1977).

5. The defendant's argument that his motion for a directed verdict (initially filed at the conclusion of the Commonwealth's case) should have been granted is limited to the charges arising out of the seizure of drugs from the third floor apartment and is based on the assertion that "no competent evidence was offered by the Commonwealth showing that the defendant lived on the third floor." The evidence which follows was introduced as part of the Commonwealth's case. The defendant gave the police 24 Bowdoin Street as his address when he was booked, and he gave that address and the telephone number 791-1877 to his bail bondsman. That number was that of the telephone in the third floor apartment. The third floor apartment contained only clothing which a male would wear, which included the hats discussed in part 4. Papers addressed to the defendant were found in the third floor apartment; namely, two letters from the Internal Revenue Service dated February 26 and July 2, 1976, a bill from a clinic dated December 10, 1976, a "paper" from the Worcester City Hospital dated November 30, 1976, a personal letter from a woman in Puerto Rico postmarked June 29, 1976, addressed to the defendant, and a notice addressed "to whom it may concern," signed by the defendant as the landlord of 24 Bowdoin Street, dated February 1, 1977. The foregoing evidence was sufficient to permit the jury to find beyond a reasonable doubt (*Commonwealth* v. *Latimore,* 378 Mass. 671, 676 [1979]; *Commonwealth* v. *Best,* 381 Mass. 472, 482-483 [1980]) that the de-

fendant was the occupant of the third floor apartment and that its contents were under his dominion or control. See *Commonwealth* v. *Nichols,* 4 Mass. App. Ct. 606, 613 (1976), and cases cited. The papers were admitted without objection, and the time differential between the dates on the papers and the time of their discovery in the apartment affected only their weight and not their competence as evidence.

6. There were two warrants issued in this case, one for the search of the defendant's person and one for the search of the third floor apartment. The defendant argues only the sufficiency of the affidavit attached to the application for the first warrant. The second warrant was issued principally on the basis of drugs seized at the time of the execution of the first and thus its validity depends on the vitality of the first. *Wong Sun* v. *United States,* 371 U.S. 471 (1963). The judge found probable cause for the issuance of the warrants and that the "affidavits attached to the application[s] for the warrants were sufficient and they were truthful." We have read the questioned affidavit and are satisfied that the reliability of the informant was sufficiently established and that the information which he gave furnished probable cause for the issuance of the warrant. *Commonwealth* v. *Vynorius,* 369 Mass. 17, 20-26 (1975), and cases cited.

7. There is no merit to the defendant's claim that the indictments should have been dismissed because of prosecutorial misconduct in obtaining direct indictments while complaints on the same charges were pending in a District Court and that he was thereby prevented from completing discovery ordered by the District Court. There was no mention made to the trial judge of any agreement by the prosecutor not to seek an indictment prior to completion of discovery in the District Court. See *Lataille* v. *District Court of E. Hampden,* 366 Mass. 525, 527-530 (1974). Compare *Commonwealth* v. *Spann,* 383 Mass. 142, 144-146 (1981). *Commonwealth* v. *Benton,* 356 Mass. 447 (1969), the only case cited by the defendant in support of his contention, does not aid him, as that case was decided on facts not present in the case before us.

*Judgments affirmed.*

*Willie J. Davis* for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.