COMMONWEALTH *vs.* GLORIA APARICIO. October 4, 1982. The defendant appeals from her conviction by a jury on a complaint for possession of heroin with intent to distribute (G. L. c. 94C, § 32). The police, under a search warrant that named the defendant and her husband, searched the defendant's residence and seized drugs. The defendant was present at the time of the search but her husband was absent. At trial the defendant testified that her husband had used heroin for years and continued to do so, but that she had never possessed, used or sold heroin. On rebuttal, the prosecutor asked one of the arresting officers, over objection, if the defendant had told him that the seized drugs belonged to her husband. The officer's answer was in the negative, but he also stated that the defendant may have so stated to the other officers. The defendant argues that it was error for the prosecutor, in the circumstances, to try to impeach the defendant by her silence during the search. We agree. If the defendant was under arrest, her silence could not be used at all, see *Commonwealth* v. *Haas*, 373 Mass. 545, 559 (1977), and the prearrest silence of a defendant may be used only in limited circumstances, see *Commonwealth* v. *Nickerson*, 386 Mass. 54, 60-62 (1982). Assuming that the defendant's silence was prior to arrest, the evidence was inadmissible in the circumstances of this case because it would not have been "natural" for the defendant to have come forward, particularly when to do so would have shifted blame to other members of her household. *Id.* at 60. Having concluded that allowance of the question was error, we examine the record to ascertain whether the error was harmless beyond a reasonable doubt. *Harrington* v. *California*, 395 U.S. 250, 254 (1969). *Commonwealth* v. *Grieco*, 5 Mass. App. Ct. 350, 358-359 (1977). We note that although the officer's answer was emphatic in regard to the defendant's silence with him, it was equivocal as to whether the defendant had been silent with the other officers. Further, there was no reference at all to the defendant's silence in the prosecutor's closing argument. Contrast *Commonwealth* v. *Haas, supra* at 558, 559-560. The defendant did not object to the judge's instructions to the jury on the possible use by the jury of the defendant's silence. There was also overwhelming evidence of guilt. Compare

*Commonwealth* v. *Grieco, supra* at 359, with *Commonwealth* v. *Nicker-son, supra* at 62-63. The police had placed the defendant's residence under surveillance for three days. The police observed drug addicts enter the premises, remain for a short time, and leave. The defendant was observed admitting many of these people into the house. There was evidence that the police found the defendant shoving plastic bags containing heroin into a garbage disposal machine. The cumulative weight of all this evidence makes clear the error was harmless beyond a reasonable doubt.

The defendant contends that the cross-examination of the defendant by the prosecutor was improper and prejudicial. The defendant did not object at trial. After examining the transcript of this cross-examination, we conclude that there was no miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967).

The judge was correct in denying the defendant's motion for a required finding of not guilty. Viewing the evidence in the light most favorable to the Commonwealth, it was evident that the Commonwealth had satisfied its burden under *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979).

*Judgment affirmed.*

*Carlo A. Obligato* for the defendant.

*Peter J. Muse,* Assistant District Attorney (*Michael J. Traft,* Assistant District Attorney, with him) for the Commonwealth.