On June 15, 2016, the defendant was indicted for possession of cocaine with intent to distribute. The defendant's motion to dismiss the indictment was denied and the defendant was later found guilty at trial. On appeal the defendant seeks reversal of the conviction on the ground that the evidence before the grand jury was insufficient to establish probable cause, in particular because the grand jury received insufficient evidence that the defendant possessed the cocaine that was found in her bedroom. We affirm.
Background. We summarize the facts presented to the grand jury. On March 16, 2016, the Boston police drug control unit executed a search warrant targeting an apartment in the Dorchester section of Boston and also targeting an individual, one Alberto Perez. Upon entering a bedroom in the apartment the officers witnessed the defendant standing to the left of the bed and moving towards a nearby dresser. Beneath a pillow on the left side of the bed the officers found a coin purse with seventeen bags of cocaine in tightly wrapped plastic, tied in a knot, and packaged in distinct sizes.[2] Officer Donald Nichols testified to the grand jury that in his experience such packaging indicated the drugs were intended for sale and distribution. On the dresser officers found a computer monitor displaying live surveillance footage of the home's exterior, including the entryway. Also in the bedroom were personal effects with the defendant's name on them. In the apartment's bathroom the officers found $2,489 in cash, though neither the defendant nor her boy friend were known to be employed.[3]
Perez was not found in the bedroom; he was discovered sleeping in the basement. He stated to the officers that he was dating the defendant and generally sleeps with her in the bedroom, but that the two had had a fight the night before. He also made a statement to the effect that the drugs found in the bedroom were his drugs.
Prior to trial the defendant moved to dismiss the indictment. That motion was denied. At trial the defendant was found guilty and sentenced to two and one-half years in State prison.
Discussion. The defendant argues that her conviction must be vacated because the Commonwealth failed to present sufficient evidence before the grand jury that she knowingly possessed the cocaine at issue. We disagree.
Under our case law, a conviction after trial may be overturned because there was insufficient evidence presented to the grand jury to justify indictment. To sustain an indictment, "the grand jury must hear sufficient evidence to establish the identity of the accused ... and probable cause to arrest [her]." Commonwealth v. O'Dell, 392 Mass. 445, 450 (1984), quoting Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). See Commonwealth v. Lopez, 80 Mass. App. Ct. 390, 393 (2011). Probable cause is not an exacting standard -- it "requires sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed ...; this standard requires considerably less than that which is required to warrant a finding of guilt' (citations omitted)." Commonwealth v. Carter, 474 Mass. 624, 630 (2016), quoting Commonwealth v. Levesque, 436 Mass. 443, 447 (2002). Here the Commonwealth was required to present evidence to the grand jury (1) that the substance found in the bedroom was in fact cocaine; (2) that the defendant possessed the cocaine with the intent to distribute it; and (3) that she did so knowingly or willingly. See G. L. c. 94C, §§ 31, 32A (c ).
The defendant contends that the evidence before the grand jury only established her proximity to the drugs, and that showing proximity alone is insufficient to establish either possession of the drugs or intent to distribute them. It is true that proximity to contraband alone is insufficient to establish constructive possession, but proximity coupled with other facts can be sufficient. See Commonwealth v. Ortega, 441 Mass. 170, 174 (2004) (proximity to contraband coupled with other incriminating evidence will suffice to establish guilt on charge of possession with intent to distribute); Commonwealth v. Riley, 73 Mass. App. Ct. 721, 731 (2009) (grand jury may properly find probable cause through inference and circumstantial evidence). Here the evidence presented showed not just proximity, but several other incriminating facts that support an inference of constructive possession with intent to distribute.[4]
Constructive possession is established through evidence supporting reasonable inferences that the defendant knew of the contraband and had "the ability and [the] intention to exercise dominion and control over it." Ortega, 441 Mass. at 174. Those reasonable inferences are present here, where the grand jury heard evidence that the defendant slept in the bedroom -- and in the bed -- where the drugs were found under a pillow, that she kept her personal effects there, and that she exercised such dominion over the bedroom that she required Perez to sleep in the basement. See Commonwealth v. Madera, 76 Mass. App. Ct. 154, 165 (2010) (finding sufficient evidence of constructive possession where defendant had joint control over bedroom where drugs seized, slept there, and kept personal effects there). In addition, the defendant was found standing on the same side of the bed where the drugs were found. She also was found approaching sophisticated surveillance equipment that was kept in the bedroom and that one could reasonably infer was used to monitor anyone approaching the home, and to protect the distribution scheme.
All of these facts together supplied the "plus factor[s]," beyond mere proximity, to support a finding of constructive possession. Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 150 (1999). The fact that Perez stated that the drugs were his does not defeat these plus factors; the defendant may have jointly possessed the drugs with Perez, and Perez's statement does not undermine the sufficiency of the evidence as to her. See Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989) (explaining that constructive possession may be exclusive or joint); Commonwealth v. LaPerle, 19 Mass. App. Ct. 424, 426 (1985) (same). Finally, the defendant's intent to distribute the cocaine can be inferred from the evidence of the amount of drugs seized, their individual packaging, the substantial amount of cash seized, and the officer's expert testimony that the drugs were destined for distribution. See Commonwealth v. Clermy, 421 Mass. 325, 331 (1995) (noting that quantity of drugs, manner of packaging, large amounts of cash, and accoutrements of drug trade supported by expert testimony permit inference of intent to distribute).
Judgment affirmed.

The substance was confirmed to be cocaine after a lab test. The results of this test were presented to the grand jury. The defendant does not contest that the substance was in fact cocaine.

Officer Nichols testified before the grand jury that he didn't know the exact amount of cash seized but that it was several thousand dollars.

The Commonwealth does not argue that there was actual possession, and the evidence does not support such a finding.