NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

19-P-1713

COMMONWEALTH

vs.

RONALD MARTIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of one count of possessing a class B substance with the intent to distribute, and two counts of possessing a class E substance. On appeal, he claims there was insufficient evidence to support his convictions, and that the judge erred in denying the defendant's motion to disclose the confidential informant's identity.  We affirm.

1.  Sufficient evidence.  The defendant claims that there was insufficient evidence that he possessed the drugs in question as well as insufficient evidence that he intended to distribute the "crack" cocaine.  We disagree with both claims.

"When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required

to 'ask itself whether <u>it</u> believes that the evidence at the trial established guilt beyond a reasonable doubt.' Rather, the relevant 'question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  (Citations omitted.)

<u>Commonwealth</u> v. <u>Rocheteau</u>, 74 Mass. App. Ct. 17, 19 (2009).  See <u>Commonwealth</u> v. <u>Ormond O</u>., 92 Mass. App. Ct. 233, 236 (2017).

a.  <u>Possession</u>.  Possession may be constructive and proved by circumstantial evidence.  See <u>Commonwealth</u> v. <u>Beverly</u>, 389 Mass. 866, 870 (1983).  To prove constructive possession, the Commonwealth must show "knowledge coupled with the ability and intention to exercise dominion and control."  <u>Commonwealth</u> v. <u>Brzezinski</u>, 405 Mass. 401, 409 (1989), quoting <u>Commonwealth</u> v. <u>Rosa</u>, 17 Mass. App. Ct. 495, 498 (1984).  In addition, contraband may be jointly possessed; it need not be exclusive to the defendant.  See <u>Commonwealth</u> v. <u>Dinnall</u>, 366 Mass. 165, 168-169 (1974).

"When contraband is found in a dwelling shared by a defendant and one or more other persons, a finder of fact may properly infer that the defendant is in possession of the contraband (not necessarily exclusive possession) from evidence that the contraband was found in proximity to personal effects of the defendant in areas of the dwelling, such as a bedroom or closet, to which other evidence indicates the defendant has a particular relationship."

<u>Commonwealth</u> v. <u>Rarick</u>, 23 Mass. App. Ct. 912, 912 (1986).  See <u>Commonwealth</u> v. <u>Farnsworth</u>, 76 Mass. App. Ct. 87, 99 (2010).

2

Viewing the evidence in the light most favorable to the Commonwealth, the jury were entitled to find the following. When police entered the apartment to execute the warrant, they saw the defendant exiting the bedroom he later told the police that he shared with his girlfriend.  Also, in the bedroom, there was mail addressed to the defendant at that same apartment.  See Commonwealth v. Schmieder, 58 Mass. App. Ct. 300, 303 (2003) (documentary evidence that defendant rented dwelling is relevant to constructive possession).

Moreover, that the crack cocaine was found among men's clothing in the bedroom closet permitted the jury to infer that the defendant had, at the very least, joint constructive possession of the drugs.  That a large amount of cash, apparent proceeds of drug distribution, was also found in and among the men's clothing, and in a shaving kit, further supports this conclusion.  See Commonwealth v. Lee, 2 Mass. App. Ct. 700, 704 (1974) (defendant's papers, including mail addressed to defendant at address, and men's clothing found in same apartment as drugs and paraphernalia, supported finding of constructive possession).  All these facts taken together provided more than sufficient evidence to establish the defendant's knowledge, ability, and intention to exercise dominion and control over the

3

area where the drugs were found.[1]  See Farnsworth, 76 Mass. App. Ct. at 99.  See also Commonwealth v. Clarke, 44 Mass. App. Ct. 502, 504-506 (1998) (defendant had constructive possession of drugs found in bedroom in which his clothes and various forms of identification were present).

b.  Intent to distribute.  As the Commonwealth notes, the defendant's argument that there was insufficient evidence that he intended to distribute the cocaine depends on viewing the evidence in isolation.  This, we cannot do.  In the light most favorable to the Commonwealth, the jury could conclude that the police recovered a little more than four grams of crack cocaine.  The defendant claims that an intent to distribute cannot be inferred from such a small quantity.  "Quantity, however, is not the only relevant circumstantial evidence of intent to distribute."  Commonwealth v. Rivera, 44 Mass. App. Ct. 452, 454 (1998), quoting Commonwealth v. La Perle, 19 Mass. App. Ct. 424, 429 (1985).  Indeed, the cocaine was contained in ten separate bags, which were all packaged in one bigger bag.[2]  See Commonwealth v. Dessources, 74 Mass. App. Ct. 232, 238-239

---

[1] Once the defendant's possession of the crack cocaine had been established, the jury could easily infer that he had joint constructive possession of the pills found in plain view on top of the dresser in his bedroom.

[2] The cocaine had a street value of between four hundred and five hundred dollars.

4

(2009).  In addition to the individual bags of cocaine were bundles of cash totaling more than $3,000, which is also indicative of an intent to distribute.  See Pena v. Commonwealth, 426 Mass. 1015, 1018 (1998) (arrestee "with a large amount of cash on his person . . . strongly suggests his direct participation in the drug distribution").  This evidence was supplemented by testimony from detectives regarding common features of the drug trade, and that this amount, as packaged, was more consistent with distribution than personal use.  In the end, from all the evidence, and the reasonable inferences drawn therefrom, the jury could have rationally concluded that the defendant possessed the crack cocaine with an intent to distribute it.  See Commonwealth v. Beckett, 373 Mass. 329, 341 (1977) (inference drawn from circumstantial evidence "need only be reasonable and possible; it need not be necessary or inescapable").

     2.  Disclosure of informant's identity.  The defendant also claims that the motion judge abused her discretion by denying his request that the Commonwealth be ordered to disclose the identity of the confidential informant (CI).  We disagree.

     The informant's privilege has long been recognized in the Commonwealth.  See Commonwealth v. Madigan, 449 Mass. 702, 705-706 (2007); Commonwealth v. Amral, 407 Mass. 511, 516 (1990).

"In order to obtain the identity of a confidential informant, the burden is on a defendant to demonstrate that an exception to the privilege ought apply, that is, that the disclosure would provide him with 'material evidence needed . . . for a fair presentation of his case to the jury.'" Commonwealth v. Shaughessy, 455 Mass. 346, 353-354 (2009), quoting Commonwealth v. Lugo, 406 Mass. 565, 574 (1990).

In this case, contrary to the defendant's claim, the CI did not participate in or witness the events underlying the drug charges against the defendant, but merely provided evidence to support the issuance of the search warrant. See Brzezinski, 405 Mass. at 408. In that posture, the defendant has not made any showing tipping the balance in favor of disclosure, because "proof of the crime charged does not require proof of any of the drug transactions that the informant is alleged to have witnessed." Commonwealth v. Gandia, 492 Mass. 1004, 1008 (2023). See Commonwealth v. Figueroa, 74 Mass. App. Ct. 784, 791 (2009) (disclosure not required where government's case did not depend on "proof that the defendant was involved in any particular transactions, including the controlled purchases; CI was patently not a percipient witness to the incidents" [quotation omitted]); Commonwealth v. Fernandes, 30 Mass. App.

Ct. 335, 339 (1991) (same).  The motion to disclose the CI's
identity was properly denied.

Judgments affirmed.

By the Court (Meade,
  Hershfang & Toone, JJ.[3]),

Clerk

Entered:  October 9, 2024.

---

[3] The panelists are listed in order of seniority.